**In re The State of TEXAS, Relator.**

**No. 08–02–00467–CV.**

Court of Appeals of Texas, El Paso.

Jan. 16, 2003.

Jay Samuel Davis, Midland, for Real Party in Interest.

William T. Deane, Assistant Attorney General, Austin, for Relator.

Marvin L. Moore, Midland, for respondent.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

SUSAN LARSEN, Justice.

The State of Texas through the office of the Attorney General seeks mandamus ordering the trial court to return C.M.P. to

Arizona under the Interstate Compact on Juveniles. We conditionally grant the mandamus.

## Facts

On August 12, 2002, Gloria E. Paz petitioned the Juvenile Court of Maricopa County, Arizona, for a requisition to return her daughter C.M.P. to her under the Interstate Compact on Juveniles (ICJ). Both Arizona and Texas are parties to this agreement, as are all fifty states in the Union. *See* TEX. FAM.CODE ANN. § 60.001 historical and statutory notes (Vernon 2002). The Arizona court issued the requisition to the Texas Interstate Compact on Juveniles with a finding that the juvenile had run away from home and should be returned. In turn, the Deputy Administrator of the Interstate Compact on Juveniles for the State of Texas forwarded the requisition, petition, and certified documents regarding C.M.P. to Judge Al Walvoord of the County Court at Law of Midland, Texas, with a request that the youth be ordered back to Arizona. Judge Marvin L. Moore of County Court at Law No. 2 denied the request "[a]fter a finding that the child C.M.P. is not a runaway and that she is not endangering her own welfare or the welfare of others . . . ."

This petition for mandamus of the judge to issue the order under the Interstate Compact on Juveniles was filed on November 4, 2002.

## Judge of Asylum State Has Ministerial Duty to Return Child

■ Under the scheme set forth in section 60.002, article IV of the Texas version of the ICJ, "the parent, guardian, person, or agency entitled to legal custody of a juvenile who has not been adjudged delinquent but who has run away without the consent of such parent, guardian, person, or agency may petition the appropriate court in the demanding state for the issuance of a requisition for his return." TEX. FAM.CODE ANN. § 60.002, art. IV(a) (Vernon 2002). In this case, Gloria E. Paz, the mother of the child, filed Form A under the ICJ with the Arizona court.[1] It is the duty of the demanding state, in this case Arizona, to hold the hearing to determine "whether for the purposes of this compact the petitioner is entitled to the legal custody of the juvenile, whether or not it appears that the juvenile has in fact run away without consent, whether or not he is an emancipated minor, and whether or not it is in the best interest of the juvenile to compel his return to the state." *Id.* Upon making such findings, a requisition was made to the authority of Texas as the asylum state. "Such requisition shall set forth the name and age of the juvenile, the determination of the court that the juvenile has run away without the consent of a parent, guardian, person, or agency entitled to his legal custody, and that it is in the best interest and for the protection of such juvenile that he be returned." *Id.* "If the judge of such [requisitioned] court shall find that the requisition is in order, he shall deliver such juvenile over to the officer whom the court demanding him shall have appointed to receive him. The judge, however, may fix a reasonable time to be allowed for the purpose of testing the legality of the proceeding." *Id.*

---

1. Although not part of the record here, we have received copies of an adoption decree concerning C.M.P. and her sister. The decree was signed on December 2, 2002 by Judge James Rex of the 109th District Court. As Judge Rex is not a respondent in this mandamus action, nor is the adoption before us at this time, we make no order concerning it. However, we strongly urge the parties to come to an agreement in the best interest of these children.

A proper requisition was issued by the Maricopa County Juvenile Court in Arizona on the usual Form I. In light of the request from the office of the Texas Administrator of the Interstate Compact on Juveniles, it appears that the request did correlate with the requirements put upon Arizona as the demanding state under the ICJ. The Texas Administrative Code directs that "Upon finding that the requisition is in order, the judge in the asylum state shall order the juvenile to return." TEX. ADMIN. CODE § 117.17(b)(5). Respondent argues that on the face of the original petition, the requisition was not "in order" as the petition failed to address the endangerment requirement. However, this is assumed under article I of the ICJ: "juveniles who are not under proper supervision and control, or who have absconded, escaped, or *run away are likely to endanger their own health, morals, and welfare, and the health, morals, and welfare of others.*" TEX. FAM.CODE ANN. § 60.002, art. I (emphasis added). Further, Form I, signed by the Arizona judge, states, "said juvenile's continued absence from legal custody and control is detrimental to the best interest of said juvenile and the public." Following these requirements, the duty of a judge receiving a proper requisition must perform the ministerial act or duty of ordering the juvenile to return to the demanding state. It was improper for Judge Moore to do otherwise. A writ of mandamus may be issued to compel the performance of a ministerial act or duty or to correct a clear abuse of discretion committed by a trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

## Conclusion

Judge Moore was under a clear duty to honor the request of Arizona in this proceeding. He failed to do so. We therefore conditionally grant mandamus. We are confident that Judge Moore will vacate his order of September 30, 2002, and order the child returned to her mother Gloria E. Paz under the guidance of the Interstate Compact on Juveniles and the request of the Arizona court. Mandamus will issue only if he fails to do so.